FILED
United States Court of Appeals
Tenth Circuit

August 7, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

STATE OF KANSAS,

      Plaintiff - Appellee,

v.

JULIUS KING RAMBO III,

      Defendant - Appellant.

No. 18-3044
(D.C. No. 2:17-CV-02605-CM-JPO)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Julius King Rambo III,[1] proceeding pro se,[2] appeals the district court's order dismissing this action. For the reasons discussed below, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] In his complaint, Rambo identified his name as "Julius King Rambo III." R. 4. Yet in his brief on appeal, he insists we refer to him as "Rambo; Julius El." Aplt. Br. 3. We have elected, instead, to simply refer to him as "Rambo."

[2] Because Rambo appears pro se, we liberally construe his pleadings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his advocate. *See id.*

In February 2017, Kansas authorities charged Rambo with attempted felony theft in violation of state law. Rambo filed the present action in the federal district court while his state-court prosecution was pending.

On October 27, 2017, a magistrate judge issued a report and recommendation advising the district court to dismiss Rambo's action. The magistrate judge construed Rambo's action as a petition seeking removal of the state-court prosecution against him. *See* 28 U.S.C. § 1443 (authorizing defendant to remove state criminal prosecution to federal court if (1) state prosecution denies defendant's right "under any law providing for the equal civil rights of citizens" or (2) state prosecutes defendant for actions defendant took "under color of authority derived from any law providing for equal rights"). But the magistrate judge concluded that Rambo didn't allege any proper grounds for removing a state criminal proceeding to federal court. Further, the magistrate judge explained that to the extent Rambo sought to bring a 42 U.S.C. § 1983 claim against Kansas, his claim fails because § 1983 claims aren't cognizable against states. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] [s]tate is not a person within the meaning of § 1983."). Thus, the magistrate judge recommended that the district court dismiss the action. The magistrate judge also advised Rambo that he had 14 days to file any objections "if he want[ed] to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition" in the report and recommendation. R. 13–14.

Rambo subsequently filed two pleadings. But he didn't label either pleading as objections to the report and recommendation; rather, he labeled one "Supplement to

2

Notice of Removal" and the other "Stay of Proceeding." R. 15, 78. The district court interpreted the latter pleading as objections to the report and recommendation[3] but determined that it didn't "specifically object[] to any of [the magistrate judge's] findings." R. 91. Accordingly, the district court adopted the report and recommendation and dismissed Rambo's claim. Rambo appeals.

We conclude that Rambo failed to preserve his arguments for appellate review. The firm-waiver rule bars appellate review of a magistrate judge's report and recommendation if the appellant didn't timely object below. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005); *see also* Fed. R. Civ. P. 72(b)(2) (giving party "14 days after being served with a copy of the [magistrate judge's] recommended disposition" to "serve and file specific written objections to the proposed findings and recommendations"). And only objections that are "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will preserve appellate review of those objections. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Here, Rambo failed to raise before the district court any specific, timely objections to the magistrate judge's report and recommendation. Neither pleading that Rambo filed after the magistrate judge issued his report and recommendation contained specific objections. Moreover, Rambo filed the second of his pleadings, the November 21 stay request, outside of Rule 72(b)(2)'s 14-day limitations period. So

---

[3] The district court didn't address Rambo's supplement.

even assuming that Rambo did raise specific objections in the stay request, those objections would have been untimely.[4] As such, the firm-waiver rule applies.

Nevertheless, we may reach Rambo's arguments on appeal despite his waiver if we conclude that (1) he wasn't aware of the time period for objections or (2) "the 'interests of justice' require review." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Morales-Fernandez*, 418 F.3d at 1119). But neither exception applies here. The magistrate judge specifically informed Rambo that he had 14 days to file written objections, so he was aware of the time period to object.

Nor does justice require appellate review. We consider on a case-by-case basis whether the interests of justice require appellate review. *See Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). In making this determination, we may consider "a pro se litigant's effort to comply [with the rules for filing objections], the force and plausibility of the explanation for [the litigant's] failure to comply, and the importance of the issues raised" on appeal. *Morales-Fernandez*, 418 F.3d at 1120; *see also id.* at 1122 (deciding to apply interests-of-justice exception to firm-waiver rule to review inadmissible alien's indefinite-detention claim); *Wirsching*, 360 F.3d

---

[4] The district court docketed Rambo's stay request as objections to the report and recommendation. And although it concluded, as we do, that Rambo failed to lodge any specific objections to the report and recommendation, the district court in its order referred to Rambo's stay request as "timely . . . objections." R. 90. But this characterization isn't relevant to our application of the firm-waiver rule: the firm-waiver rule applies on appeal regardless of the district court's characterizations. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) ("[I]t is well-settled in this circuit that a district court's decision to review [a report and recommendation] de novo, despite the lack of an appropriate objection, does not, standing alone, preclude application of the waiver rule.").

at 1198 (finding First Amendment and due-process claims alleging that prisoner was denied visitation with his child were questions "of considerable import" that warranted review despite waiver (quoting *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987))).

Here, Rambo made no effort to comply with Rule 72(b)(2). And on appeal, he offers no explanation for his failure to assert specific objections; indeed, the fact that Rambo filed other documents in his case indicates he could have filed objections to the report and recommendation if he chose to. And he doesn't raise any issues of sufficient importance to overcome his waiver. Rather, he simply reasserts the arguments he initially made to the magistrate judge, which—though difficult to discern—appear to allege that he's innocent of the charge brought against him in state court. We don't mean to suggest that the question of Rambo's guilt or innocence is unimportant in a broader context; of course that question is critical to the state-court proceedings against him. But it is not relevant to the question addressed in this case: whether Rambo may remove his criminal proceedings to federal court. *See* § 1443 (prescribing requirements for removing criminal prosecution to federal court); *City of Greenwood v. Peacock*, 384 U.S. 808, 826–28 (1966) (holding that state-court criminal defendants who claimed they were innocent couldn't remove prosecution to federal court without meeting § 1443's requirements). Therefore, the interests of justice do not compel us to review these issues on appeal.

Accordingly, we affirm the district court's order dismissing Rambo's appeal.


Entered for the Court


Nancy L. Moritz
Circuit Judge